## J. PARKINSON & CO. v. H. B. ALEXANDER, *et al.*

1. CONSTRUCTION OF RAILROAD, *Goods not Going into; Liability.* Under § 1, chapter 136 of the Laws of 1872, laborers, mechanics and material-men furnishing work or materials in the construction of a railroad are so protected that they may recover against the obligors on the bond, where a bond is given by the contractor in pursuance of the statutes, or against the railroad company where no bond is given, for everything furnished by them which goes into the construction of the railroad, whether such laborers, mechanics or material-men are employed by the contractor, or by a sub-contractor, or by a sub-sub-contractor; but persons furnishing only provisions, or goods which do not go into the construction of the railroad, are not so protected, unless such provisions or goods are furnished to the contractor himself.

2. CONTRACTOR'S BOND; *Sureties, When not Liable.* And therefore, *held,* where a bond is given by the contractor, and goods are furnished by a merchant, in payment *pro tanto* of the wages of the laborers constructing the railroad, under an agreement with a sub-sub-contractor and upon his orders, and such goods are not intended to be and are not used in the construction of the railroad, the sureties on the bond of the contractor are not liable to the merchant for the purchase-price of such goods.

*Error from Franklin District Court.*

ACTION by *J. Parkinson & Co.* against *H. B. Alexander* as principal, and *H. C. Cross* and two others as sureties, on a certain statutory bond by them given to *The Kansas City &*

*Emporia Railroad Company.* Trial by the court, upon an agreed statement of facts, at the September Term, 1885, and judgment for defendants. The plaintiffs bring the case here. The opinion states the material facts.

*Jno. W. Deford,* for plaintiffs in error.

*C. B. Mason,* and *C. N. Sterry,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Franklin county, by John Parkinson and Jonathan Parkinson, partners, doing business under the firm-name of J. Parkinson & Co., against H. B. Alexander as principal, and H. C. Cross, C. Hood and William Martindale as sureties, on a certain bond given by them to the Kansas City & Emporia Railroad Company, under § 1 of ch. 136 of the Laws of 1872. (Comp. Laws of 1879, and of 1885, ch. 84, § 35.) No proper service of summons was ever obtained upon H. B. Alexander, and hence no proceedings were had in the court below as against him. As between the plaintiffs and the other defendants, Cross, Hood, and Martindale, the case was submitted to the court below upon an agreed statement of facts, and the court rendered judgment in favor of the defendants and against the plaintiffs for costs. The plaintiffs bring the case to this court for review.

The material facts of the case, briefly stated, are as follows: The Kansas City & Emporia Railroad Company let a contract to H. B. Alexander to grade its road-bed from Emporia to Ottawa, and took from him, as principal obligor, and the said Cross, Hood, and Martindale, as sureties, the bond sued on in this action. Afterward the contractor, H. B. Alexander, sublet eleven miles of the work to D. P. Alexander. Afterward the sub-contractor, D. P. Alexander, sublet separate portions of his work to R. T. Pepper, Lucky & Cook, and White and Douglas, respectively. It was the agreement among all the parties that the payments should be made monthly as the work progressed; that all payments for work

done should be made upon estimates made by the railroad company's civil engineer; and that the contractor, H. B. Alexander, should have the right, as it was his duty under the law and under his bond, to pay or to see paid out of the funds due for the work done the wages of all laborers on the work, whether employed by the sub-contractor or by any of the sub-sub-contractors. The plaintiffs were merchants, selling goods, wares and merchandise at Pomona, Kansas, near where the grading was to be done, and where it was done, and they by agreement with the laborers and the sub-sub-contractors, Pepper and the others, and upon the orders of the said sub-sub-contractors, supplied goods, wares and merchandise to the laborers, and charged the amounts of the purchase-price therefor to the sub-sub-contractors, Pepper and the others, and these amounts were then charged by the sub-sub-contractors, Pepper and the others, against the laborers respectively, on the monthly pay-rolls, made out by the sub-contractor, D. P. Alexander, and the sub-sub-contractors, Pepper and the others, under the head of "merchandise account," and these amounts, as so charged, were considered by all the parties as payments to the laborers of their wages to the extent of such amounts, and the pay-rolls were then placed in the hands of the contractor, H. B. Alexander, showing these payments. The railroad company's civil engineer made monthly estimates of the work done on each of the several sections of the work, and the amount due thereon, and H. B. Alexander then paid to each laborer the amount due him, as shown by the pay-rolls, which was the amount of his entire wages for the month, less the amount which the pay-rolls showed that he had already been paid in "merchandise," in the manner aforesaid; and then H. B. Alexander paid to the sub-contractor, D. P. Alexander, the remainder, as shown to be due him under his contract by the estimates of the railroad company's civil engineer. This was in accordance with the understanding and agreement of all the parties.

It was the agreement between the plaintiffs and the sub-sub-

contractors, Pepper and the others, that either the sub-sub-contractors, Pepper and the others, or the sub-contractor, D. P. Alexander, should pay the plaintiffs for their goods; and there was no contract on the part of the contractor, H. B. Alexander, to pay to the plaintiffs anything, or to pay to the sub-sub-contractors anything. H. B. Alexander has been paid in full by the railroad company for all the work done, and he has paid to all the parties respectively everything that he ever agreed to pay to any person. The laborers have also been paid their entire wages, and all that is due them. The sub-contractor, D. P. Alexander, and the sub-sub-contractors, Pepper and the others, have also been paid in full, and all that is due them; and it was and is their duty to pay the plaintiffs for the goods, wares and merchandise furnished by the plaintiffs to the laborers upon the aforesaid agreement, but they have not done so, and the plaintiffs have not been paid; and this failure of payment on the part of somebody is the only breach of the condition of the defendants' bond alleged in this action. The statute under which the bond was given reads as follows:

"SECTION 1. That whenever any railroad company shall contract with any person for the construction of its road or any part thereof, such railroad company shall take from the person with whom such contract is made a good and sufficient bond, conditioned that such person shall pay all laborers, mechanics and material-men, and persons who supply such contractor with provisions or goods of any kind, all just debts due to such persons, or to any person to whom any part of such work is given, incurred in carrying on such work, which bond shall be filed by such railroad company in the office of the register of deeds in each county where the work of such contractor shall be; and if any such railroad company shall fail to take such bond, such railroad company shall be liable to the persons herein mentioned to the full extent of all such debts so contracted by such contractor." (Comp. Laws of 1879, and of 1885, ch. 84, § 35.)

No copy of the bond sued on in this action has been brought to this court, but it is admitted that the bond was

executed under and in pursuance of the foregoing statute, and that it is a good bond. Under this statute, laborers, mechanics and material-men, furnishing work or materials in the construction of a railroad, are so protected that they may recover against the obligors on the bond where a bond is given by the contractor in pursuance of the statute, or against the railroad company where no bond is given, for everything furnished by them which goes into the construction of the railroad, whether such laborers, mechanics or material-men are employed by the contractor, or by a sub-contractor, or by a sub-sub-contractor. (*Mann v. Corrigan,* 28 Kas. 194; *M. K. & T. Rly. Co. v. Brown,* 14 id. 557.) But persons furnishing only provisions, or goods which do not

1. Construction of railroad; goods not going into; liability.

go into the construction of the railroad, are not so protected, unless such provisions or goods are furnished to the contractor himself. (*Wells v. Mehl,* 25 Kas. 205; *St. L. W. & W. Rly. Co. v. Ritz,* 30 id. 30.) The statute does not protect any person who furnishes any kind of goods when he furnishes them only to a sub-contractor, or to a sub-sub-contractor, when it is not the intention of the parties at the time that the goods shall go into the construction of the railroad itself, and when they do not go into such construction. Under the contract between H. B. Alexander and D. P. Alexander, H. B. Alexander was bound to pay to D. P. Alexander the full contract-price for all work done by or under him, except that H. B. Alexander reserved to himself the right to pay or to see paid out of the funds going to D. P. Alexander the amount of the laborers' wages. Also, under the bond sued on in this case, H. B. Alexander and his sureties, the defendants, were bound to pay or to see paid the wages of the laborers for all work done by them in grading the railroad. But neither was H. B. Alexander nor were the defendants, his sureties, bound to pay or to see paid the laborers in any particular manner. All that they were required to do was to see that the laborers were paid or satisfied in some lawful manner; and when this was done, then all the remainder of the money due to D. P. Alexander, after paying or

satisfying the laborers, should be paid to him, and he could recover it from H. B. Alexander. But H. B. Alexander never was under any obligation to the sub-sub-contractors, Pepper and the others, or to the plaintiffs. H. B. Alexander never agreed to pay the plaintiffs anything; never gave any orders upon them; never agreed to satisfy any orders received by them; and was never under any obligation to them, or to see that they were paid. He was never a debtor to them, nor even a debtor to their debtors. Their debtors were the sub-sub-contractors, Pepper and the others, and H. B. Alexander never owed the sub-sub-contractors anything, nor was he under any obligation to them. They were to look for their pay to the sub-contractor, D. P. Alexander, and not to the contractor, H. B. Alexander. Of course, where sub-contractors or sub-sub-contractors are also laborers, mechanics, or material-men, a different rule would apply.

A great deal has been said about contracts, agreements and other transactions taking place after the execution of the bond sued on. Now it is scarcely necessary for us to say that the obligation of the defendents, who are only the sureties on the bond, could not be enlarged by anything occurring subsequent to its execution. Their obligation was and is fixed by the bond itself, and not by any subsequent contracts, agreements, arrangements or transactions brought into existence by any person or persons except themselves. We are simply to look to the bond to see what their obligation is, and then look to the facts occurring subsequently, to see whether there has been any breach of that obligation or not. We think there has been no breach.

2. Contractors' bond; no breach.

It has been suggested that when the laborers received their goods, wares and merchandise from the plaintiffs they transferred their claims to the plaintiffs. This is not so, however, and it was never the understanding of the parties. It was the understanding of the parties that when the laborers received their goods, wares and merchandise from the plaintiffs, that the amount of the purchase-price thereof was a payment *pro tanto* of their claims against the sub-sub-contractors, Pep-

per and the others, and in lieu thereof new debts or claims were created in favor of the plaintiffs and against the sub-sub-contractors, Pepper and the others. By this arrangement the debts due to the laborers from the sub-sub-contractors, Pepper and the others, for work done on the railroad to the extent of the purchase-price of the goods, wares and merchandise received by them, were extinguished, and in lieu thereof the sub-sub-contractors, Pepper and the others, became debtors to the plaintiffs. And these debts due from these parties to the plaintiffs were not for laborers' wages, or for anything · that went into the construction of the railroad, but were simply for goods, wares and merchandise sold by the plaintiffs as merchants.

We think no material error was committed in this case, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.