D. D. STREETER *et al.* v. WILLIS E. DOWELL.

43 545
181 228

JURY — *Findings* — *Review* — *Rule* — *Exception.* It is the policy of this court, evidenced by a long line of decisions, to sustain the findings of a jury, especially when passed upon and approved by the trial court, if there is any proper evidence that fairly tends to sustain such findings; but where the evidence to sustain such findings grows out of a conversation that is so disconnected, uncertain, incomplete and shadowy that it is questionable whether it rises to the dignity of evidence at all, we think the exception, and not the rule, should govern.

*Error from Pratt District Court.*

THE material facts appear in the opinion. Judgment for plaintiff *Dowell,* at the January term, 1888. The defendants, *Streeter & Bradbury,* bring the case to this court.

*C. H. Toll,* and *D. V. Burns,* for plaintiffs in error.

*J. D. McFarland,* and *N. B. Carskadon,* for defendant in error.

Opinion by STRANG, C.: Streeter & Bradbury were the original contractors on a portion of the C. K. & N. Railroad, in Pratt and Kiowa counties, Kansas. Cheney & Keys were sub-contractors under Streeter & Bradbury on a part of the same road. Willis E. Dowell was a merchant doing business at Pratt, Kansas. Cheney & Keys issued certain time-checks to laborers on said road under themselves, which checks were transferred to Willis E. Dowell. Cheney & Keys also gave orders to the men in their employ on said road on Willis E. Dowell, for supplies; which orders were filled by Dowell. This action was brought by Dowell to recover on said time-checks, and also on said orders for supplies. His petition states a common-law action on common counts: one for work and labor; one for goods sold and delivered. In the first count he alleges that the labor represented by the time-checks transferred to Dowell was performed at the special instance and request of Streeter & Bradbury (the orig-

inal contractors), and that they undertook and agreed to pay for the same.   In the second count he alleges that he furnished the supplies to the employés of the defendants, upon orders given by the defendants, and upon the representation and agreement of the defendants that they would pay for them. It will be noticed that in this second count the plaintiff does not say which of the defendant firms, Streeter & Bradbury or Cheney & Keys, gave the orders on him for the supplies furnished by him, nor which of said defendant firms promised to pay for such supplies; but the evidence clearly shows that the orders were given by Cheney & Keys.   The case was tried by the court and a jury.   Verdict for the plaintiff against Streeter & Bradbury alone.   Motion for a new trial; motion overruled, which ruling was duly excepted to; whereupon Streeter & Bradbury bring the case here for review.

This not being a statutory action on the bond of Streeter & Bradbury, given under our statutes, §§ 1257 and 1258, General Statutes of 1889, and the men who performed the labor having been employed by Cheney & Keys, the liability of the defendants, Streeter & Bradbury, so far as the first count in the plaintiff's petition is concerned, must rest solely upon the undertaking and promise to pay the men who performed the labor represented by the time-checks in suit.   A careful examination of the record fails to disclose any evidence of such an agreement by the defendants, Streeter & Bradbury, except the undertaking in their bond.   It must be held, therefore, that Streeter & Bradbury are not liable for anything under this count of plaintiff's petition.

So far as the second count is concerned, this court has held, in *Parkinson v. Alexander*, 37 Kas. 110; *Wells v. Mehl*, 25 id. 205, and *St. L. W. & W. Rly. Co. v. Ritz*, 30 id. 30, that the original contractors constructing a railroad are not liable, even on their bond, for provisions or goods furnished persons in the employ of sub-contractors on orders of the sub-contractors.   The liability, therefore, of Streeter & Bradbury under the second count must also rest upon their alleged undertak-

ing and promise to pay for the goods furnished by Dowell to the laborers of Cheney & Keys, on their orders.

From an examination of the record it is not quite clear that there was not some conversation between Dowell and Stone, superintendent of Streeter & Bradbury in charge of the work on said railroad, in relation to the payment of Dowell's claim for goods sold by him to Cheney & Keys. It is clear, however, that the arrangement of Dowell for the sale of the goods was made with Cheney & Keys, and that Streeter & Bradbury had nothing to do with the making of that arrangement, and at the time it was made knew nothing about it. It is also clear that the whole, or a large part of said goods, were sold and delivered by Dowell before he had any talk with Stone about them. The undertaking, if any, on the part of Stone, was not in writing. It was by parol, and would not furnish evidence to bind Stone, or his principals, if ever so definite and complete, so far as the goods were concerned that were delivered before the conversation between Dowell and Stone in relation thereto took place. Bradbury testified that Stone had no authority to make any promise that would bind Streeter & Bradbury to pay for goods sold to Cheney & Keys, and no one testified that he had. But as we think there is not sufficient evidence in the record to support the finding of the jury and judgment of the court thereon, we will not stop to investigate the question of Stone's authority to make such a promise as plaintiff seeks to prove. It is the policy of this court, as evidenced by a long line of decisions, to sustain the findings of the jury, especially when passed upon and approved by the trial court, if there is any proper evidence that fairly tends to sustain such findings; but where the evidence to sustain such findings grows out of a conversation that is so disconnected, uncertain, incomplete and shadowy that it is questionable whether it rises to the dignity of evidence at all, we think the exception, and not the rule, should govern. The evidence relied on in this case to support the verdict of the jury and the judgment of the court thereon, is, we think, of that character; and therefore

we recommend that the judgment of the district court be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.