JOHN T. KILLE v. C. A. BENTLEY & Co. *et al.*
### No. 628.

1. MECHANIC'S LIEN — *to prevent, bond must be approved.* To prevent liens from attaching under chapter 168, Laws of 1889, the bond provided for by section 13 of the Act must be approved and filed by the clerk of the district court in the county in which the property is situated.

2. ———— *not defeated when bond applies to one lot only, and building is on two contiguous lots.* Where a single contract for an entire sum for the erection of one building on two lots is made, and the building is constructed, the foreclosure of a mechanic's lien on the two lots cannot be defeated or discharged by the giving of a bond as to one lot only, as provided by the Laws of 1889, chapter 168, section 13.

Error from Reno District Court. Hon. L. Houk, Judge. Opinion filed December 20, 1897. *Affirmed.*

*Fuller & Whitcomb* and *Whiteside & Gleason*, for plaintiff in error and for Isaac P. Jackson *et al.*, trustees.

*D. H. Martin*, for defendants in error C. A. Bentley & Co. and the Hutchinson Cornice Factory.

SCHOONOVER, J. The statement of plaintiff in error is adopted substantially as the statement of facts in the opinion. C. A. Bentley & Co. began an action in the District Court of Reno County to foreclose a mechanic's lien on lots 20 and 22, South Main Street, in the city of Hutchinson, claiming that they were the original contractors; afterward, they furnished materials under contract, and within four months of the completion of the building they filed their claim for a lien. They alleged that the Russell & Wilcox Hardware Company was the real and equitable owner of the lots, but that the legal title was in Elmer J. Russell, Emma Wilcox, Edgar S. Russell, W. L. Bair and Edward Wilcox, for its benefit. John T. Kille,

KILLE v. BENTLEY. 805

Dec. 20, 1897.        Opinion.  Schoonover, J.          C. Div.

Mulvane, and others as trustees, Isaac P. Jackson and S. W. Murray, filed general denials and also set up certain notes for eight thousand dollars and one thousand dollars respectively, secured by mortgage on lot 22. They claimed further, that on the fifth day of August, 1889, a bond against liens, under the law of the State of Kansas, had been filed as to such lot, that plaintiffs Bentley & Co. had no lien on said lot, and that they had mistaken their action, which should have been against the bond. They further claim that the lien statement was insufficient in this, that it claimed that the material was furnished for a building on lots 20 and 22, while in truth and in fact there were two buildings on said lots, one on each, and no showing was made as to what material went into the said building on said lot 20.

The Hutchinson Cornice Factory filed an answer setting up a claim for labor and material furnished in the erection of a building on lots 20 and 22 under a contract, and that it had filed its lien within four months after the time the last materials were furnished, and labor performed. On November 6, 1890, the Russell & Wilcox Hardware Company, a corporation, filed its answer showing that the Hutchinson Cornice Factory had sued upon its claim before a justice of the peace and recovered a personal judgment against the Hardware Company; that the Hardware Company was the original contractor and the lien claimants were subcontractors, and their liens were not filed in time. Further, that Russell, Edward Wilcox, Bair and Russell were the owners of lot 20 on South Main street. On the same day Russell, Bair, Emma Wilcox and Edward Russell filed their answer claiming title to lot 22 on South Main street, and that the Russell & Wilcox Hardware Company was the

original contractor for the building of said building on said lot.

The case was tried before the court without a jury, and judgment rendered for the plaintiffs and the Cornice Factory. The defendants bring the case here for review, and for their first assignment of error say :

"That the court below erred in overruling our objection to the introduction of any evidence on behalf of Bentley & Co. and the Hutchinson Cornice Factory."

The basis of this objection is that a bond as provided for by chapter 168 of the Laws of 1889 was given, which fully protected all persons in whose favor liens might accrue as to lot 22. The bond appears to be regular in form, and to have been filed, but it does not appear from the record that it was ever approved by the clerk of the district court. This objection is not urged by defendants in error, but we consider it material. The Laws of 1889, chapter 168, section 13 (¶ 4745, Gen. Stat. 1889), provide :

1. Bond must be approved.

"SEC. 13. The contractor or owner mentioned in section 1 of this act may execute a bond to the state of Kansas for the use of all persons in whose favor liens might accrue by virtue of this act, conditioned for the payment of all claims which might be the basis of liens ; which bond shall be in a sum not less than the contract price, and with good and sufficient sureties, whose qualifications shall be verified in accordance with section 723 of the Code of Civil Procedure, such surety as shall be approved by the clerk of the district court in the county in which the property is situated, and may file such bond in the office of said clerk ; and when such bond is so approved and filed no lien shall attach under this act, and if when such bond is filed liens have already been filed, such lien shall be discharged. Suits may be brought on said bond by any person interested."

KILLE V. BENTLEY. 807

Dec. 20, 1897.    Opinion.    Schoonover, J.    C. Div.

It is clear from the reading of this section that, to prevent liens from attaching under this Act, the bond provided for by this section must be approved and filed by the clerk of the district court in the county in which the property is situated. The plaintiff below contended that the contract made with C. A. Bentley & Co. was for an entire sum and for one building upon two lots. Upon the evidence, the trial court found in favor of plaintiff below.

*2. Bond for one lot; building on two.*

Chief Justice Martin, in *Mulvane v. Lumber Co.* (56 Kan. 678), says: "We do not know of any legal objection to a single contract for furnishing materials for two or more buildings on several contiguous lots constituting a single tract or parcel of ground." The syllabus in the case cited reads as follows: "The right to a mechanic's lien may arise out of a single contract for furnishing material for two or more buildings on several contiguous lots constituting a single tract or parcel of ground."

In the case under consideration, we have one building, located upon two separate lots. Where a single contract for an entire sum for the erection of one building on two lots is made, and the building is constructed, the foreclosure of a mechanic's lien on the two lots cannot be defeated or discharged by the giving of a bond as to one lot only, as provided by the Laws of 1889, chapter 168, section 13. Other errors are assigned, but they relate to the questions of fact passed upon by the trial court, and are not reviewed.

The judgment of the District Court is affirmed.