52  253
59   45

THE BOARD OF COMMISSIONERS OF JEWELL COUNTY v. THE SNODGRASS & YOUNG MANUFACTURING COMPANY *et al.*

1. CASES, *Followed.* The cases of *Wilson v. School District*, 17 Kas. 104; *School District v. Conrad*, 17 id. 522, and *Lumber Co. v. Water Co.*, 48 id. 187, followed.

2. MECHANIC'S LIEN—*Public Building.* Sections 638e and 638f, of the civil code, do not prevent or take away from the laborer or material man his right to a mechanic's lien upon a public building. (Laws of 1887, ch. 179, §§ 1, 2.)

*Error from Jewell District Court.*

THE Snodgrass & Young Manufacturing Company commenced its action on January 4, 1889, against the board of

county commissioners of the county of Jewell, J. J. Sheehan and E. E. Jacobs, partners as Sheehan & Jacobs, and Joseph Bromich, alleging that Sheehan & Jacobs, under a contract with the board of county commissioners of Jewell county, made the 1st day of December, 1887, agreed to construct and place in the courthouse, at Mankato, Jewell county, all the boilers, pipes, radiators, fittings and apparatus for the purpose of heating the same by steam; that from the 1st of December, 1888, to the 30th of March, 1889, they furnished material for the contractors to fill their contract for the courthouse, of the value of $273.93; and that they, as such subcontractors, filed a lien within the time prescribed by the statute. Joseph Bromich filed an answer and cross petition, alleging that he furnished a boiler for the contractors for the courthouse, of the value of $625, and that he also, within the statute, filed a lien therefor. The Snodgrass & Young Manufacturing Company obtained judgment against the contractors, Sheehan & Jacobs, for $307.24, with costs. Joseph Bromich recovered judgment against Sheehan & Jacobs for $701.51, and costs. Both judgments were adjudged by the court to be liens upon the courthouse and premises. The board of county commissioners filed a demurrer to the amended petition of the Snodgrass & Young Manufacturing Company, and to the cross petition of Joseph Bromich, which were by the court overruled. The board of county commissioners also excepted to the judgment of the court declaring the judgments liens upon the courthouse and premises. The board brings the case here.

*M. R. Sutherland,* for plaintiff in error:

A mechanic's lien cannot attach against public property. It is purely a creature of the statute, and can be enforced only in the manner provided by statute; and, in the absence of an express provision, public property is exempt. See *Falout v. School Commissioners,* 1 N. E. Rep. (Ind.) 391; *Hovey v. East Providence,* 9 Law. Rep. (R. I.) 156; *Board of Commissioners v. O'Connor,* 86 Ind. 531; Phil. Mech. Liens, § 179;

*Lenord v. City of Brooklyn,* 71 N. Y. 498; *Lumbering Co. v. School District,* 13 Ore. 283, and cases therein cited; *Wilkinson v. Hoffman,* 21 N. W. Rep. (Wis.) 816; *Riply v. Gage Co.,* 3 Neb. 397; *Darlington v. Mayor,* 31 N. Y. 164; *Loring v. Small,* 50 Iowa, 271; *Foster v. Fowler,* 60 Pa. St. 27; *The State v. Fiederman,* 10 Fed. Rep. (Mo.) 20; *Mayrhofer v. Board of Education,* 26 Pac. Rep. (Cal.) 646; *Atacoosa Co. v. Angus,* 18 S. W. Rep. (Tex.) 563; *Knapp v. Swaney,* 56 Mich. 545; *Frank v. Freeholders of Hudson,* 39 N. J. L. 347; *Board of Supervisors v. Gillen,* 59 Miss. 198; *Foundry Co. v. Bullock,* 38 Fed. Rep. (Ala.) 565.

Section 630 of article 27 of chapter 80, Gen. Stat. of 1889, does not contemplate the including of public property within its provisions, either by express direction or necessary impli- cation. Indeed, it seems, from the reading of § 638*d* of the mechanic's lien law in connection with § 638*e* of the same law, that the legislature intended to exempt public buildings from the operation of the lien. In § 638*d*, it provided that the owner mentioned in § 630 may execute a bond, etc., and by so doing no lien will attach, but if he fail to execute the said bond, the lien will then operate. The legislature of 1887 seemed to think this § 630 would not apply to public build- ings, so it passed "An act to protect mechanics, laborers and persons furnishing material for the construction of public buildings and making public improvements," and provided that any public officer making a contract with a contractor for the construction of any public building shall take a bond, etc., but does not even imply that a lien would attach in case no such bond was given.

*S. B. Isenhart,* for defendant in error Bromich; *A. H. Ellis,* and *F. T. Burnham,* for defendant in error the Snodgrass & Young Manufacturing Co.:

There seems to be but one question raised by the brief of the plaintiff in error, which is, that a mechanic's lien cannot attach to public property. It seems to us that this question has been forever settled in this state, and that the decisions of

this court will not·be overruled at this late day.    See *Board of Education v. Scoville,* 13 Kas. 17; *Wilson v. School District,* 17 id. 104; *School District v. Conrad,* 17 id. 522.

An examination of the statutes shows that § 638*d* was adopted by the legislature at the session of 1889, and took effect on March 1 of that year, being § 13 of chapter 168, Laws of 1889, while § 638*e* took effect March 15, 1887, being § 1 of chapter 179 of the Laws of 1887.    According to counsel, the legislature of 1887 plainly discerned the fact that the legislature to convene two years thereafter would pass what is now known as § 638*d* of the civil code, and "it seemed to think this section would not apply to public buildings," so it in its wisdom adopted § 638*e* to cure a defect in a law to be passed by a subsequent legislature, to convene two years thereafter.

In considering this case, it should also be borne in mind that this action was not brought under the provisions of the law as amended in 1889, but that the material was furnished and the work was completed early in the year 1888, and this action was commenced on January 4, 1889.    It is true that § 638*d* provides that, in those cases where the contractor or owner mentioned in § 1 shall give a bond, the giving of such bond shall prevent liens attaching, and that the remedy of the laborers or subcontractors shall be on the bond and not otherwise; but this act did not take effect until nearly two months after the commencement of this suit, and almost a year after the filing of the lien statements.    Sections 638*e* and 638*f*, passed in 1887, contain nothing indicating that the laborer is limited to the bond, and it certainly must be implied that it was the intention of this act to afford additional safeguards for the mechanic, and not to take away an already existing right.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that a mechanic's lien cannot attach against public property.    In this case, the public building is a courthouse, situated in the city of Mankato, in

Jewell county.   We are asked to reconsider the case of *Wilson v. School District*, 17 Kas. 104, and other similar decisions of this court.   The decision referred to was rendered in 1876 — over 17 years ago — before any of the present members of the court were upon the supreme bench.   The opinion was delivered by BREWER, J., now of the supreme court of the United States, and was concurred in by his associates, Chief Justice KINGMAN and Mr. Justice VALENTINE.   It has been followed so many times by the court that, under all of the circumstances, we deem it best to adhere to it.  (*School District v. Conrad*, 17 Kas. 522; *Lumber Co. v. Water Co.*, 48 id. 187, and cases cited.)   The decision works no injustice.   It protects the laborer or material man who has contributed his service or material to a public building better than the contrary decisions of other states.

It is next contended that §§ 638*e* and 638*f* of the civil code imply that the lien ought not to attach to a public building, and that the bond provided for in said sections is a substitute for a lien.  (Laws of 1887, ch. 179, §§ 1, 2.)   These sections were enacted to protect mechanics, laborers and other persons furnishing material for the construction or improvement of public buildings.   The remedy given by these sections to any person to whom there is due any sum for labor or material does not supersede the mechanic's lien law, but is an additional remedy to laborers and material men.   With this conclusion, both statutes are made operative.

If the legislature had intended the bond mentioned in § 638*e* to be a substitute for the lien law, it would have used language similar to that in Laws of 1889, ch. 168, § 13.  (Civil Code, § 638*d*.)   It is therein provided that the bond permitted to be filed prevents any lien from attaching, and also discharges any lien existing when a bond is filed.

In the construction of the courthouse at Mankato, the county officers who entered into a contract for the purpose of having the courthouse constructed did not take from the contractors the bond prescribed by the statute, and therefore the parties named in the pleadings, who filed mechanics' liens,

17—52 KAS.

had no bond upon which to bring an action for the recovery of their indebtedness. If their liens will not attach, it is probable they will lose their claims. If the officials of Jewell county had required the bond prescribed by the statute to be executed and filed, it is probable that the parties filing liens would have preferred an action upon the bond for the recovery of their indebtedness, rather than to suffer the delay in collecting their judgment by the slow process of the levy of a tax to pay the same.

The judgment of the district court will be affirmed.

All the Justices concurring.