Griffith v. Stucker.

---

No. 18,428.

W. E. GRIFFITH, *Appellant,* v. N. E. STUCKER et al., *Appellees.*

SYLLABUS BY THE COURT.

1. SURETYSHIP — *Indemnity Bond of Public Contractor — Valid under the Statute—Available to Laborers and Materialmen of Subcontractor.* After the work of improving streets of a city had been completed, but before formal acceptance by the city, the contractor gave a bond with sureties to the state of Kansas conditioned that if he should pay all indebtedness incurred by him for labor and material furnished in making the improvements the bond should be void, otherwise to be in full force. The contractor's contract with the city provided that he should give the bond required by chapter 179 of the Laws of 1887. The prescribed condition of such a bond is that the contractor shall pay all indebtedness incurred for labor or material furnished in making public improvements. The bond which was given was not filed for record with the clerk of the

district court as the statute requires, and the improvements were actually made by a subcontractor who failed to pay his laborers and materialmen. *Held:*

A. The bond was given pursuant to a statutory duty and not simply on a past consideration, and the delay in giving it did not affect its character.

B. The terms of the bond are to be interpreted as intended to accomplish the purpose of the statute, which is to protect laborers and material men who make contributions to public works.

C. Labor and material furnished by the subcontractor were in contemplation of the statute and the bond furnished by the contractor.

D. The provision for filing the bond was inserted in the statute for the benefit of laborers and materialmen. The obli-.gation was complete when the bond was executed and delivered to the city.

E. The subcontractor's laborers and materialmen may resort to the bond as security for the indebtedness due them.

2. ———— *Subcontractor's Bond to Contractor — Available to Laborers and Materialmen Not Apprised of it.* The contractor took from the subcontractor a bond with surety, conditioned that the subcontractor would pay all bills for labor and material used in the performance of the subcontract. *Held:*

A. The subcontractor's laborers and materialmen may resort to this bond as security for the bills due them arising from the performance of the subcontract.

B. It is not necessary that such laborers and materialmen should have known of the bond and should have acted on the faith of it in order to make it available to them as security for the payment of their bills.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed December 6, 1913. Reversed.

*W. S. Jenks,* and *F. M. Harris,* both of Ottawa, for the appellant.

*F. A. Waddle,* of Ottawa, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The city of Ottawa undertook to improve several of its streets. To that end contracts were let to N. E. Stucker. Stucker sublet a portion

of the work to Lightfoot Brothers, who failed before performance. The action was brought by W. E. Griffith, who is the assignee of laborers and materialmen having claims against Lightfoot Brothers. The defendants are the obligors in a bond given by Stucker to the state of Kansas, and the surety in a bond given by Lightfoot Brothers to Stucker. The defendants recovered and the plaintiff appeals.

Chapter 179 of the Laws of 1887 (Civ. Code of 1909, §§ 661, 662) provides as follows:

"That whenever any public officer shall, under the laws of the state,· enter into contract in any sum exceeding one hundred dollars, with any person or persons, for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements.

"That such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected; and any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: *Provided,* That no action shall be brought on said bond after six months from the completion of said public improvements or public building."

Before beginning work Stucker gave a bond that he would faithfully perform the ·obligation of his contract according to the plans and specifications furnished by the city. No relief is sought on this bond. After work on certain streets had been fully completed according to contract, but before the· city had accepted the work,

4—91 KAN.

the city took from Stucker a bond to the state of Kansas, conditioned as follows:

"Now, therefore, if the said N. E. Stucker shall well and truly pay all indebtedness incurred by him for labor or material furnished in the construction of said improvement according to law, then the obligation shall be void and of no effect, otherwise to be and remain in full force."

This bond was not filed with the clerk of the district court, but it covered improvements of streets included in Lightfoot Brothers' subcontract, and the plaintiff seeks the benefit of it. The court is of the opinion that it may be enforced by the plaintiff as a statutory bond.

It is said that the bond limits liability to the indebtedness incurred by the contractor alone, the language being "indebtedness incurred by him." All labor and material expended on improvements embraced in Stucker's contract were furnished by him, whether furnished directly or furnished indirectly through Lightfoot Brothers, whom he employed. Stucker's contract with the city expressly provided that he should furnish the bond to secure claims for labor and material required by chapter 179 of the Laws of 1887, and the execution of the bond to the state shows an intention to comply with the contract and with the law. The purpose of the statute was to protect the contributions of laborers and materialmen to public works. Where mechanic's liens are allowed, as upon public buildings, the statute furnishes additional security. (*Comm'rs of Jewell Co. v. Manufacturing Co.*, 52 Kan. 253, 34 Pac. 741.) Where mechanic's liens are not possible, as upon street improvements, the purpose was to secure laborers and materialmen against loss by a quasi mechanic's lien, the lien being upon the bond instead of upon the property; and the language of a bond tendered in compliance with the statute will be construed as designed to accomplish the end which the legislature had in view.

The statute under consideration is analogous to the one enacted to protect laborers and others who aid in the construction of railroads, which requires railroad companies to take from contractors bonds to pay to laborers, mechanics, and materialmen all just debts incurred in carrying on construction work. (Gen. Stat. 1909, § 7006.) Such bonds protect laborers and materialmen employed by subcontractors. (*Wells v. Mehl,* 25 Kan. 205; *Mann v. Corrigan,* 28 Kan. 194; *Parkinson & Co. v. Alexander,* 37 Kan. 110, 14 Pac. 466.) On account of the peculiar wording of this statute the bond provided for covers supplies in the nature of goods and provisions only when furnished to the contractor. The weight of authority is that a contractor's statutory bond given to secure the payment of claims for labor performed and material furnished in making municipal improvements is available to those who deal with subcontractors. (Note, 27 L. R. A., n. s., 588, 593.) If this were not the law, it would be very easy for public contractors to defeat the statute and perpetuate the evils it was designed to remedy.

It is said that the obligation of the bond was not perfected by filing the instrument in the proper office. The requirement of the statute that the bond shall be filed with the clerk of the district court was intended for the benefit of laborers and materialmen who might have occasion to enforce it. The purpose was to preserve the instrument and make it easily accessible. The obligation was complete when it was executed and delivered.

It is said that the bond was given upon a past consideration, and consequently that it is unenforceable. The bond was given pursuant to a statutory duty which had not been discharged, and delay on the part of the city officials and the contractor in preparing and delivering the instrument necessary to fulfill the requirement of the statute could not invalidate it.

Lightfoot Brothers as principal and the American Fidelity Company as surety executed and delivered to Stucker a bond reading as follows:

"Whereas, said principal has entered into a certain contract in writing bearing date of April 11th, A. D. 1910, with the said N. E. Stucker to macadamize certain streets in the City of Ottawa, Kansas, and for furnishing crushed stone, which contract is hereby referred to and made a part hereof.

"Now, therefore, if the said Lightfoot Brothers shall well and faithfully perform all of its obligations under said contract and shall pay all bills for labor and material used in the performance of said contract and shall hold the said N. E. Stucker harmless from any and all loss, costs or expense on account of injury to any person or persons or property, then this obligation shall become null and void, otherwise to remain in full force and effect."

The court is of the opinion that this bond is available to the plaintiff. Stucker stood toward Lightfoot Brothers and their laborers and materialmen in the same relation that the city stood toward Stucker and his laborers and materialmen. The weight of authority is that without any statute the city could take a bond from Stucker conditioned to pay all laborers and materialmen, upon which they could sue directly. (2 Dillon, Municipal Corporations, 5th ed., § 830, p. 1266; Note, 27 L. R. A., n. s., 581.) The reasoning by which the right of laborers and materialmen to sue on such bonds is established applies here.

It is said that the surety company can be liable only on two conditions: First, that some privity existed between Stucker and the laborers and materialmen because of some duty or obligation in the premises owed by him to them; and, second, that the object of the bond was to benefit the laborers and materialmen directly and not merely incidentally. Both conditions are clearly present. Stucker was obligated by law and by his contract with the city to provide security for the payment of the claims of Lightfoot Brothers' laborers

and materialmen. These claims were debts of Light-foot Brothers and not of Stucker. They were primarily liable to their own laborers and materialmen. Stucker was in effect only a surety of his subcontractor, and the very purpose and object of the bond was to secure payment by Lightfoot Brothers of their own debts, a matter of direct and special importance to those to whom they were indebted. This being true, a long line of cases, extending from *Anthony v. Herman,* 14 Kan. 494, to *Ballard v. Bank,* post, and *Wood v. Bank,* post, establishes the right of the laborers and materialmen employed by Lightfoot Brothers to adopt the bond and enforce it by action brought directly against the surety company which signed it.

It is said that the laborers and materialmen could not take advantage of the bond unless they knew of it and acted upon the faith of it. In the following cases the court has held to the contrary: *K. P. Rly. Co. v. Hopkins,* 18 Kan. 494; *Mfg. Co. v. Burroughs,* 40 Kan. 361, 19 Pac. 809; *Stewart v. Rogers,* 71 Kan. 53, 80 Pac. 58; *Ballard v. Bank,* post; *Wood v. Bank,* post.

The contract of Lightfoot Brothers with Stucker shows that they were subcontractors and not mere laborers and materialmen.

The plaintiff sued on a bond not heretofore mentioned, relating to work on a particular street. It was good as a statutory bond, but it was conceded at the hearing in this court that the right to relief upon it was barred by the statute of limitations. Consequently it may be regarded as eliminated from the case.

The plaintiff is entitled to recover on Stucker's bond for those claims only which represent indebtedness incurred for labor or material furnished in making street improvements, and on the surety company's bond for those claims only which represent bills for labor and material used in the performance of Lightfoot Brothers' contract. It is contended that some of the plaintiff's claims fall outside these classes. The question can

not be determined here from the findings of fact in their present form. Should the district court conclude that there is anything substantial in the contention, the findings should be extended to cover it. Perhaps this can be done on the evidence already taken.

The judgment of the district court is reversed and the cause is remanded with direction to proceed as indicated and to render judgment in favor of the plaintiff for the sums found to be due him.