No. 26,757.

THE ROAD SUPPLY AND METAL COMPANY, *Appellee*, v. THE KANSAS CASUALTY AND SURETY COMPANY et al., *Appellants*.

SYLLABUS BY THE COURT.

1. BONDS—*Conditioned for Benefit of Third Parties—Proper Parties Plaintiff.* A bond taken from a contractor by a county, and in terms running to it, conditioned for his payment of all indebtedness incurred for labor or material furnished in the construction of a road, is held to support an action brought thereon by one who had furnished material.

2. MECHANICS' LIENS—*Material Within Lien—Freight Charges.* Charges allowed as freight are held in fact to be items entering into the price of material furnished.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 12, 1926. Affirmed.

*Fred B. Stanley, Vincent F. Hiebsch* and *J. B. Patterson,* all of Wichita, for the appellants.

*C. A. Leinbach,* of Onaga, *Ross McCormick* and *John W. Blood,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: The board of commissioners of Sedgwick county entered into a contract with Frank Bechtelheimer for the construction of a road. The mechanic's-lien act provides that in such case the contractor shall give a bond running to the state, to be filed with the clerk of the district court, conditioned for the payment of all indebtedness incurred for labor and material furnished. (R. S. 60-1413, 60-1414.)   The contractor gave an undertaking, running to

Bonds, 9 C. J. pp. 26 n. 79, 87 n. 72; 49 L. R. A. n. s. 1175.   Highways, 29 C. J. pp. 611 n. 37, 612 n. 49.   Mechanics' Liens, 40 C. J. pp. 81 n. 98, 361 n. 78; 43 L. R. A. n. s. 170.   Principal and Surety, 32 Cyc. p. 307 n. 93.

the county (which was not filed with the clerk of the court), signed by a bonding company, the condition of which was that "the above-named principal shall faithfully perform said contract, in every re-spect, and fully compensate such county for any and all loss or damage by reason of any default, failure or miscarriage in the per-formance thereof and shall pay all indebtedness incurred for labor or material furnished in the construction." The Road Supply and Metal Company brought this action on the bond for material fur-nished the contractor, and recovered a judgment, from which the bonding company and its receiver appeal.

1. The statute requires that on the letting of a road contract the contractor shall give a bond to the county for its faithful perform-ance, "payable to the county upon failure to comply with the terms of his or their contract." (R. S. 68-521.) The appellants contend that the bond is to be treated as given under this statute, merely for faithful performance, and for the benefit of the county only.

The fact that the statute requires a bond to be given for faithful performance does not impair the binding force of other terms added by agreement of the parties, even when they are for the benefit of third persons. (Note, 18 A. L. R. 1227.)

We construe the provision relating to the payment of indebted-ness incurred for labor or material furnished in the construction of the road as intended for the benefit of laborers and materialmen. As so construed it inures to their benefit, and the present action is maintainable by the plaintiff as one of the beneficiaries. This ac-cords with former decisions of this court and with many cases in other jurisdictions, constituting the weight of authority, although there are decisions to the contrary. (*Manufacturing Co. v. Deposit Co.,* 100 Kan. 28, 163 Pac. 1076, and authorities there cited, es-pecially note, 27 L. R. A., n. s., 573, 591. See, also, 21 R. C. L. 985; 27 Cyc. 314; 9 C. J. 87.) The obvious purpose of the bond is to protect the laborers and materialmen, the county suffering no finan-cial loss from their nonpayment. On the other hand, the county, a governmental body, has a proper interest in seeing that those con-tributing work and material to its public improvements shall not be cheated out of their pay. The bonding company is an insurer rather than a surety in the ordinary sense. The result is the same whether the instrument on which the action is brought is regarded as a mere common-law bond, as one under the road statute with ad-ditions, or as one under the mechanic's-lien law, somewhat irregu-larly prepared and handled.

There is nothing in *Brick & Tile Co. v. Fidelity & Guaranty Co.*, 108 Kan. 21, 194 Pac. 316, at all inconsistent with this view. The bond in that case was merely one of indemnity, to keep the contractor, a city, harmless against claims for work and material. There no obligation was assumed to pay the indebtedness incurred on those accounts.

2. The appellants further contend that if the bond is treated as one under the mechanic's-lien statute certain charges allowed for freight should have been excluded, being for neither labor nor material. These charges, however, are explained as mere items entering into the price charged for material.

The judgment is affirmed.