No. 42,195

SUPPLY SERVICE, INC., *Appellant*, v. JENSON CONSTRUCTION COMPANY, INC., and TRAVELERS INDEMNITY COMPANY, a Corporation, *Appellees*.

(360 P. 2d 1089)

Opinion filed April 8, 1961.

Ralph J. Thorne, of Hutchinson, argued the cause, and *Charles E. Rauh* and *John A. Robinson*, both of Hutchinson, and *Robert Arnold*, of Wichita, were with him on the briefs for the appellant.

Robert T. Cornwell, of Wichita, argued the cause, and *Wayne E. Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H.*

*Wormhoudt, Philip Kassebaum, John E. Rees* and *Willard B. Thompson,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The appellant brought an action in the court below against the named appellees on a statutory materialmen's bond issued by the Travelers Indemnity Company to cover the building or construction work by the Jenson company on a school building at Halstead. The pertinent statutes are found in G. S. 1949, 60-1413 and 60-1414. This action was not brought until more than six months had elapsed from the completion of the building. The trial court held the action could not be maintained, and the plaintiff has appealed.

A default judgment was entered against the Jenson Construction Company for the amount claimed, and there is no cross appeal from such judgment. This judgment is not involved in the present appeal in any way.

The trial as to the liability of Travelers was to the court without a jury and the trial court made findings of fact and conclusions of law. Since plaintiff agrees that the findings of fact cannot be challenged and appeals only from the court's conclusions of law, we shall set out the findings and conclusions below in an abbreviated form in which they are shown in the abstract:

"FINDINGS OF FACT

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"No. 3. On March 14, 1956, the Board of Education, School District No. 52, Halstead, Kansas, entered into a contract with defendant Albert Jenson Construction Company, Inc., for the construction of an elementary school building. This contract required the Construction Company to furnish the Board a materialman's bond. (Plaintiff's exhibit 2, 3, 4). This bond was furnished by defendant Travelers Indemnity Company (Plaintiff's exhibit 5).

"No. 4. The bond furnished by the defendant, Travelers Indemnity Company, was not filed with and approved by the Clerk of the District Court of Harvey County, Kansas.

"No. 5. On March 24, 1956, plaintiff furnished some materials which were used in the construction of the school building (Paragraphs 3 and 5 of plaintiff's third amended petition, both of which are admitted).

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"No. 9. All of the work required by the original contract was finished on or before May 7, 1957 (Deposition 10, 37).

"10. On July 8, 1957, the Board paid the last money due the Construction Company for the construction of the building (Defendant's exhibits A and B).

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"15. This action was filed on January 13, 1958.

"16. Heretofore, on the 9th day of February, 1959, the plaintiff was given

judgment by the District Court of Sedgwick County, Kansas, against the Jenson Construction Company, Inc., in the amount of $1,600.00 with interest thereon at the rate of 6% per annum from February 9, 1959."

"Conclusions of Law

"1. The materialman's bond (Plaintiff's Exhibit 5) furnished by defendant Travelers Indemnity Company is a statutory materialman's bond governed by the provisions of G. S. 60-1413 and G. S. 60-1414.

"2. The obligation of this statutory bond was complete and binding when it was executed and delivered regardless of whether it was filed with or approved by the Clerk.

"3. This building was completed within the meaning of G. S. 60-1414 on or about April 29, 1957, and in any event, the building was so completed on or before May 7, 1957.

. . . . . . . . . . . . .

"7. This building was completed, as a matter of law, on May 7, 1957, when the architect approved defendant Jenson Construction Company's final estimate.

"8. This action was filed more than six months after the public building was completed.

"9. Defendant Travelers Indemnity Company should have judgment against plaintiff for its costs herein."

First, the defendants challenge plaintiff's right to be heard in this appeal. Apparently, as we understand the argument, defendants, not without cause, argue that plaintiff has appealed only from the order overruling the motion for a new trial; that such motion was not necessary to effect the appeal from the conclusions of law of the court, and that therefore plaintiff has no right to be heard on the judgment and the law therein involved. We have studied the plaintiff's notice of appeal and, while it is no work of art, we are of the opinion that it can be construed to contain an appeal from the judgment as well as the order on the motion for new trial. This disposes of this objection.

We now turn to the plaintiff's argument on this appeal. It is argued that because the bond here involved was not filed with and approved by the clerk of the district court, as provided in G. S. 1949, 60-1414, the six months limitation set out in the section of the statute does not apply, and plaintiff may sue on the bond as a "common law bond" and bring the action within five years. Plaintiff relies upon the case of *Road Supply & Metal Co. v. Casualty & Surety Co.,* 121 Kan. 299, 246 Pac. 503, to support the above argument. True, this court there held that where a performance bond containing provisions therein for the benefit of materialmen and

laborers had been taken but not filed with the clerk of the court, a materialman might sue thereon as third party beneficiary. We have no doubt that plaintiff might have sued upon the bond in the case at bar had the action been brought within time, but there is nothing in the opinion in the above case referring to the time for bringing the action. We have examined the briefs in the state library and find nothing about that question therein. We can only assume that the case was brought within ample time.

Our attention has been directed to *Evans v. Watson*, 8 Kan. App. 144, 55 Pac. 17, and to *Griffith v. Stucker*, 91 Kan. 47, 136 Pac. 937. In both of those cases, it was held that materialmen or workmen could sue on the bonds therein although the bonds had not been filed with the clerk of the court. In the Griffith case it may be noticed that the court said the bond had been given in contemplation of the materialmen's statute involved *and was for the benefit of plaintiffs and was complete when delivered to the city*. There is nothing in either case dealing with the question of when the plaintiff must bring his action. In the Griffith case, it does appear that the bond was not given until some of the work on certain streets had been completed but before it had been accepted by the city. It also appears on page 53 of *Griffith v. Stucker*, supra, that plaintiff was originally sued on a statutory bond which was barred by limitations. *A fortiori*, there was no question of limitations in the bond now sued upon. The above cases do not help plaintiff since they do not treat of the question in this case.

While we have no case absolutely in point, the above mentioned cases do point to a solution of the case at bar. The bond sued upon is in every way a statutory bond designed to satisfy the provisions of sections 60-1413 and 60-1414. The bond carries the title "statutory bond" and also the admonishment: "To be filed with the clerk of the district court." In the opinion in *Griffith v. Stucker*, supra, a much less adequately worded bond was said to be a statutory bond, and was further said to be complete when it was executed and delivered.

Plaintiff would put the burden of filing upon the bonding company which no longer had possession of the bond. The statute requires the public official to "take a bond." The bonding company did advise the holder of the bond that it should be filed. Actually, under the statute, if no bond be filed, it will be the public officials who suffer inconvenience and embarrassment. Clearly, a

diligent materialman may file his mechanic's lien against the public improvement which he has helped to build, if no bond is filed with the clerk of the court (*Comm'rs of Jewell Co. v. Manufacturing Co.*, 52 Kan. 253, 34 Pac. 741; and G. S. 1949, 60-1414), and further on learning of the bond, he may sue on the bond, if he bring his action within time.

If the bond is given in contemplation of the statute—as this bond no doubt was—and is in force from the time of its execution and delivery, the six months limitation provided in the statute for actions on the bond must apply.

This was the decision of the Supreme Court of Texas in a somewhat similar case found in *Indemnity Ins. Co. v. South Texas Lumber Co.*, (Tex.) 29 S. W. 2d 1009. It is true the Texas statute did not provide for a filing of the bond. But it was argued by the plaintiff in the case that the wording of the bond did not comply with the pertinent statute and that it was in effect a common law bond and subject only to the general statutes of limitation. The supreme court said in effect that the bond was given in contemplation of the statute, and while the plaintiff was clearly a beneficiary and able to sue on the bond, the special limitation of the public improvement statute applied regardless of how the plaintiff chose to characterize the nature of the bond. The cases of *Iron Works v. Surety Co.*, 102 Kan. 699, 171 Pac. 612; and *Cavanaugh v. Globe Indemnity Co.*, 141 Kan. 774, 44 P. 2d 216, while not directly in point, further fortify the above conclusions.

All other matters contained in the briefs have been fully considered but require no comment herein.

In our opinion, the learned trial judge was right in his conclusions of law, and the judgment must be affirmed. It is so ordered.