### No. 43,216

WILLARD DIAL, an Individual Doing Business as Dial's Service Station, *Appellee*, v. FREETO CONSTRUCTION COMPANY, INC., a Corporation; CENTRAL SURETY AND INSURANCE CORPORATION, a Corporation, *Appellants;* and HARPER SAND, INC., a Corporation, *Defendant.*

(381 P. 2d 863)

Opinion filed May 11, 1963.

*Paul L. Wilbert,* of Pittsburg, argued the cause, and *Randall D. Palmer, E. Carter Botkin* and *Alois R. Bieber,* of Pittsburg, and *Donald Muir* and *W. G. Muir,* of Anthony, were with him on the briefs for the appellants.

*Max D. Hall,* of Anthony, argued the cause, and *Martin S. Hall,* of Harper, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action filed by plaintiff (appellee) Willard Dial, an individual doing business as Dial's Service Station, against defendant (appellant) Freeto Construction Company, Inc., contractor on a road project in Harper county, and also defendant

(appellant) Central Surety and Insurance Corporation which had joined the contractor in the execution of a bond binding itself to pay all indebtedness of the contractor incurred for supplies, labor and material furnished or consumed in connection with the construction of the highway the contractor had contracted to build. The action also joined as a defendant Harper Sand, Inc., a subcontractor of Freeto.

From an order of the trial court overruling their demurrer to the plaintiff's amended petition on the ground it failed to state a cause of action, defendants have appealed.

The petition alleged in substance that plaintiff at all times pertinent hereto was engaged in selling gasoline, oils and accessories; that defendant Freeto, under written contracts with the State Highway Commission, was general contractor performing highway construction and improvement known as the Harper county project; that the defendant insurance company was engaged in writing insurance and surety bonds; that defendant Harper Sand, Inc. at all times mentioned had a subcontract with Freeto for supplies and materials, including furnishing, supplying, processing and hauling base materials used or consumed in connection with or in or about the construction of said highway project that had been let by the state to Freeto; that it was necessary for Harper Sand at all times in the performance of its contract with Freeto to use and consume gasoline, lubricating oils, fuel oils, greases and similar items, accessories, tires, tubes, repairs, labor and services, of the kind and character sold by plaintiff; that Harper Sand purchased from the plaintiff and incurred indebtedness for supplies and materials used or consumed in connection with the construction of the project for which the contract was let by the state to defendant Freeto, including gasoline, oils and motor vehicle equipment, all of which was used directly in carrying out the provisions of the contract for said highway project, for which Harper Sand agreed to pay; that Central Surety, as surety, and Freeto, as principal, executed their contract bond unto the State of Kansas, as required by G. S. 1949, 68-410, conditioned:

"Now, Therefore, If the Principal . . . shall pay all indebtedness incurred, whether by said Principal, subcontractor or otherwise, for supplies, material, or labor furnished, used or consumed in connection with or in or about the construction of the project for which said contract has been let, including gasoline, lubricating oil, fuel oils, greases, coal and other items used or consumed in carrying out the provisions of said contract, . . . then this obligation shall be void, otherwise shall remain in full force and effect."

The petition further alleged that at the request of Harper Sand plaintiff sold or furnished materials and labor used or consumed in connection with or in or about the construction of said project for which the contract had been let to Freeto, including gasoline, oils, etc.

The petition set forth an itemized statement of the materials furnished and alleged a total amount due from Freeto, as principal contractor, and Central Surety, its surety, and the Harper Sand, Inc., as subcontractor, in the amount stated, and that by reason of the facts stated the defendants were jointly and severally liable for the amount due.

G. S. 1949, 68-410, in pertinent part provides that the person to whom a contract may be awarded shall give good and sufficient surety bond to be approved by the State Highway Commission in a sum fixed by the commission, but not less than the amount of the contract price, conditioned that such contractor will faithfully perform such contract in every respect, and conditioned further that such contractor or subcontractor of said contractor shall pay all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with or in or about the construction of the project for which the contract has been let, including gasoline, lubricating oils and similar items used or consumed and used directly in carrying out the provisions of the contract; that when such bond has been so approved and filed, no mechanic's lien shall attach by reason of the failure of the contractor or subcontractor to pay for or make settlement for the items covered by the act; and that any person to whom there is due any sum for labor or material or for any item covered by the act may bring an action on the bond for the recovery of the indebtedness.

This action is based on the aforementioned statute, Freeto's contract with the state and the bond posted that fixed the terms and obligations of those signing it. Under the allegations of the petition and the terms of the bond attached thereto, the makers, Freeto and Central Surety, agreed to pay all indebtedness incurred for supplies, labor and material furnished and consumed in connection with the construction of the road. Our examination discloses the petition alleged plaintiff furnished materials and supplies used and consumed in the construction of the road, thereby stating a cause of action against both defendants, and the trial court did not err in overruling the demurrer to the petition.