No. 43,781

The Leidigh & Havens Lumber Co., d/b/a Kansas Lumber Company, *Appellant*, v. Bertha E. Bollinger, Executor of the Estate of Wayne Bollinger, Deceased, and Hartford Accident and Indemnity Co., *Appellees*.

(396 P. 2d 320)

Opinion filed November 7, 1964.

*Roscoe W. Graves*, of Emporia, argued the cause and was on the briefs for appellant.

*Elvin D. Perkins*, of Emporia, argued the cause, and *Everett E. Steerman*, of Emporia, was with him on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: The state of Kansas undertook to construct a public building known as the Thomas W. Butcher School on the campus at Kansas State Teachers College, at Emporia. To that end, a general contract was let to Wayne Bollinger in the amount of $356,210. Bollinger, as general contractor, sublet the painting of the building to Jess Bair under a written, unsigned estimate in the total amount of $7,678.

Bair entered into performance of his subcontract and carried it out until he was injured in an automobile accident and had to abandon it. He received payments under the subcontract totaling $4,672.93.

Bair entered into an oral contract with the plaintiff lumber company to purchase all paint and paint materials to be used in carrying out his contract with Bollinger. Materials were furnished to Bair who paid for the initial order of $1,222.93 with a check from Bollinger, which he endorsed to the lumber company. Bair sub-

sequently purchased materials in the amount of $793.53 for which he never paid, and this is the amount in controversy.

The lumber company made demand on Bair for payment, but he was insolvent and unable to pay. Demand was then made on Bollinger who refused payment. This action was then filed against Bollinger and his surety to recover the unpaid balance. The district court sustained the defendants' demurrer to the plaintiff's evidence, and entered judgment for the defendants.

During the pendency of this appeal Bollinger died and the action was revived against Bertha E. Bollinger, executor of his estate.

Before beginning work Bollinger gave a contractor's statutory bond in a sum equal to the amount of the contract with the Hartford Accident and Indemnity Company, as surety, pursuant to G. S. 1949, 60-1413 and 60-1414, which read:

"That whenever any public official shall, under the laws of the state, enter into contract in any sum exceeding $100 with any person or persons for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the state of Kansas in a sum not less than the sum total in the contract, conditioned that such contractor or contractors or the subcontractor or subcontractors of said contractor or contractors shall pay all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with or in or about the construction of said public building or in making such public improvements, including gasoline, lubricating oils, fuel oils, greases, coal and similar items used or consumed directly in furtherance of such improvements." (60-1413.)

"That such bond shall be subject to the approval of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected and shall be filed in the office of said clerk. When such bond is so approved and filed, no lien shall attach under this article, and if when such bond is filed liens have already been filed, such liens shall be discharged. Any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: *Provided,* That no action shall be brought on said bond after six months from the completion of said public improvements or public buildings." (60-1414.)

The surety bond was conditioned as follows:

"Now, Therefore, if the said Wayne Bollinger shall pay all indebtedness incurred for supplies, materials or labor furnished or consumed in connection with the construction of said public building or in making said public improvements, then the above obligation to be void, otherwise to remain in full force and effect."

No claim is made that the surety bond was not duly filed with the clerk of the district court, or that the instant action was not commenced within six months from the completion of the building.

It is said the plaintiff lumber company can recover only if it is entitled to an enforceable mechanic's lien under the statute (G. S. 1949, 60-1403), or if its evidence shows a contractual obligation on the part of the general contractor to pay for the materials purchased by Bair from the plaintiff. We think neither requirement is necessary. The surety bond covered the construction of the building, and all labor and materials expended on construction embraced in Bollinger's contract were furnished by him, whether furnished directly or indirectly through Bair, whom he employed. Bollinger's contract with the state expressly provided that he would "furnish all labor, materials, and equipment necessary for the general construction work" to complete the building. The execution of the surety bond as required by G. S. 1949, 60-1413 shows an intention to comply with the contract and the law. The purpose of the statute is to protect the contribution of laborers and materialmen to public improvements and public buildings, and to insure them against loss by a quasi mechanic's lien, the lien being against the bond for the period prescribed instead of upon the property; and the language of the bond given in compliance with the statute will be construed as designed to accomplish the end which the legislature had in view.

The identical point here presented was passed upon in *Griffith v. Stucker*, 91 Kan. 47, 136 Pac. 937, where it was held:

"After the work of improving streets of a city had been completed, but before formal acceptance by the city, the contractor gave a bond with sureties to the state of Kansas conditioned that if he should pay all indebtedness incurred by him for labor and material furnished in making the improvements the bond should be void, otherwise to be in full force. The contractor's contract with the city provided that he should give the bond required by chapter 179 of the Laws of 1887. (G. S. 1949, 60-1413.) The prescribed condition of such a bond is that the contractor shall pay all indebtedness incurred for labor or material furnished in making public improvements. The bond which was given was not filed for record with the clerk of the district court as the statute requires, and the improvements were actually made by a subcontractor who failed to pay his laborers and materialmen. *Held:*

"A. The bond was given pursuant to a statutory duty and not simply on a past consideration, and the delay in giving it did not affect its character.

"B. The terms of the bond are to be interpreted as intended to accomplish the purpose of the statute, which is to protect laborers and materialmen who made contributions to public works.

"C. Labor and material furnished by the subcontractor were in contemplation of the statute and the bond furnished by the contractor.

"D. The provision for filing the bond was inserted in the statute for the benefit of laborers and materialmen. The obligation was complete when the bond was executed and delivered to the city.

"E. The subcontractor's laborers and materialmen may resort to the bond as security for the indebtedness due them." (Syl. ¶ 1.)

The general rule that a claim for labor or materials furnished to a subcontractor is within the coverage of a bond given by the general contractor for the construction of a public improvement or a public building, pursuant to a statutory requirement, to secure payment for the labor and materials employed or used in the performance of a general contract, is supported by the great weight of authority in Anno.: 92 A. L. R. 2d 1253. A few of the decisions of this court in accord with this general rule are *Mann v. Corrigan*, 28 Kan. 194; *Comm'rs of Jewell Co. v. Manufacturing Co.*, 52 Kan. 253, 34 Pac. 741; *Shannon v. Abrams*, 98 Kan. 26, 32, 157 Pac. 449; *Road Supply & Metal Co. v. Casualty & Surety Co.*, 121 Kan. 299, 300, 246 Pac. 503; *Murphree v. Trinity Universal Ins. Co.*, 176 Kan. 290, 295, 269 P. 2d 1025, and *Dial v. Freeto Construction Co.*, 191 Kan. 401, 381 P. 2d 363.

Under circumstances here presented, Bollinger, as general contractor, agreed to build the building and "pay all indebtedness incurred for supplies, materials or labor furnished or consumed in . . . the construction of the building," and since the obvious purpose of the bond was to protect laborers and materialmen whose material or labor entered into and became a part of the completed structure, the plaintiff, having not been paid, may sue the general contractor and the surety directly upon the bond and recover the amount of materials furnished or consumed in connection with the construction of the building. In such a situation, the bonding company is an insurer rather than a surety in the ordinary sense. (*Road Supply & Metal Co. v. Casualty & Surety Co.*, supra, p. 300.)

It is said that the conclusion here announced would permit the supplier of paint and paint materials to the plaintiff lumber company to recover against Bollinger and the surety in the event the plaintiff failed to pay for such materials. This does not follow. A "remote" materialman, that is, one from whom the materials were procured by the person who furnished them, here the plaintiff, directly to the subcontractor, Bair, is not within the coverage of the bond.

(*Indiana Limestone Co. v. Cuthbert,* 126 Kan. 262, 267 Pac. 983; Anno. 92 A. L. R. 2d 1259.)

The case of *Road Supply and Metal Co. v. Bechtelheimer,* 119 Kan. 560, 240 Pac. 846, is cited as authority for the proposition that a court is required to look to our mechanic's liens statutes (G. S. 1949, 60-1401, 60-1403 *et seq.*) to ascertain whether laborers or materialmen have an enforceable claim against the surety on a bond given pursuant to G. S. 1949, 60-1413. The case is not helpful to the defendants. That was an action to recover upon the faithful performance conditions of a bond given in connection with a contract for the construction of a highway. It was held that where a construction contract has been fully performed there can be no liability upon a bond given to secure its faithful performance. The bond in question was not a faithful performance bond but was a contractor's statutory bond given pursuant to G. S. 1949, 60-1413.

It follows that the district court erred in sustaining the defendants' demurrer to the plaintiff's evidence and that order is reversed with directions to enter judgment for the plaintiff.

It is so ordered.