David v. Doughty.

No. 19,645.

CHARLES A. DAVID, *Appellee*, v. S. THOMAS DOUGHTY and MARY E. DOUGHTY, *Appellants*.

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Proof that Material Was Used in Construction of Building*. To entitle a person to a lien for material furnished in the erection of a building it devolves on the claimant to show that the material was purchased for and applied to that use, but if it be shown that the material was purchased to be used in the building and delivered to the builder, or taken by him to his premises to be so used, and some evidence is offered that material of that character was actually used in the building, in the absence of any discrediting circumstances it will ordinarily be sufficient to show that the material was used in the building.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed November 6, 1915. Affirmed.

*Lew E. Clogston*, and *Robert H. Clogston*, both of Eureka, for the appellants.

*S. F. Wicker*, and *Gordon A. Badger*, both of Eureka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the plaintiff to recover a balance due for building material and to foreclose a mechanic's lien. Defendants first obtained goods from plaintiff of the agreed price of $332.50. Plaintiff alleged that afterwards additional material, priced at $49.57, was purchased to be used in the completion of the building. The total amount of the purchase was therefore $382.07, and upon this bill the defendants paid $300, and it will therefore be seen that the substantial dispute between the parties was the liability of the defendants for $82.07. The defendants set up a counterclaim which is not now in contention. The jury found that the defendants were indebted to plaintiff in the sum of $54.50, and it having been found that $14.50 of that amount was for material not used in the building the court adjudged a lien upon defendants' land to the extent of $40. The defendants appeal.

The first complaint is of the refusal of the court to require

David v. Doughty.

plaintiff to make the averments of his petition more definite and certain. No prejudice resulted to defendants from the denial of this motion.

Another complaint is that the testimony did not sufficiently show that all of the material for which judgment was given was used in the building. There was proof that the material was purchased to be used in making the improvement on defendants' land, that it was taken by defendants to their premises, and that material of that kind was placed in the building. The proof, although not specific and strong as to all of the material used in the building, tends to show that all except certain things that were excluded from the amount of the lien by the court was used for that purpose. It is true, as defendants contend, that to entitle a person to a lien it must appear that the material was purchased to be used and was used in making the improvement, but strict proof that every article purchased is placed in the building is not easily obtained by the claimant nor is it always required.

"In ordinary cases it is enough to show that the materials were sold to be used in the building, and delivered to the builder, and there is some testimony showing that material of that character was actually used. In the absence of any proof or circumstance tending to show that material so furnished was moved or taken away, or that an unnecessary amount was used in the construction of the building, it will be presumed that that furnished was actually used." (*McGarry v. Averill,* 50 Kan. 362, 365, 31 Pac. 1082, 34 Am. St. Rep. 120.)

(See, also, *Rice & Floyd v. Hodge Bros.,* 26 Kan. 164; *Surety Co. v. Lime Co.,* 76 Kan. 914, 92 Pac. 1111.)

No circumstance discrediting the evidence offered by the plaintiff as to the use of the materials included in the lien appears in the case. The proof offered by plaintiff was sufficient to make a *prima facie* case of delivery and use, and nothing was offered by defendants nor is found in the record to overcome the plaintiff's proof.

There is nothing substantial in the objections to the special findings nor any of the other specifications of error.

The judgment of the district court is affirmed.