ROGERS–TEMPLETON    LUMBER    CO., APPELLANT, *v.*
. WELCH ET AL., RESPONDENTS.

(No. 4,694.)

(Submitted March 15, 1922.   Decided May 8, 1922.)

• [208 Pac. 600.]

*Mechanics' and Materialmen's Liens—Lien Notice—Sufficiency
—Statute—Liberal Construction.*

Materialman's Lien—Indivisibility of Contract—Lien Notice—Sufficiency.
1.   Where a lumber dealer had agreed to supply a list of materials
submitted by the owner for the construction of a building, at a
stipulated price, and at the same time made a contemporaneous
agreement that .if any extra materials should be needed for its com-
pletion he would furnish them at the same rate, the transaction con-
stituted but one contract and all items furnished under both formed
but one account, and therefore a lien notice filed within ninety days
after the last of the materials were delivered preserved the material-
man's lien for all of them.

Same—Divisibility of Contracts—Construction.
2.   A substantial, rather than a technical, view should be taken of
the question whether a materialman's lien is founded upon one or
more divisible contracts or involves one or more accounts.

Same—Statute to be Liberally Construed.
3.   The mechanic's lien statute is remedial in its nature and, to
effectuate the purpose of its enactment, after the lien has once at-
tached it should be given a liberal construction.

*Appeal from District Court, Chouteau County; John W.
Tattan, Judge.*

ACTION by the Rogers-Templeton Lumber Company against
W. D. Welch, doing business under the firm name and style
of W. D. Welch & Co., and others.   From a judgment denying
plaintiff a materialman's lien for materials furnished, and from
a personal judgment against defendant Welch, plaintiff ap-
peals.   Judgment as against defendant W. D. Welch affirmed,
and judgment in favor of defendants F. A. Flanagan, John
McKenzie, F. J. Gies and O. W. Belden reversed, with direc-
tions.

1.   Commencement of running of time against mechanic's lien for ˙
materials furnished on running account, see note .in 7 **Ann. Cas.** 947.
Right to tack different contracts to furnish material for purpose of
extending time to file lien, see note in 15 **L. R. A. (n. s.)** 299.

Briefs submitted on former appeal (56 Mont. 321) deemed sufficient by · Counsel, except that Counsel for Respondents filed a supplemental brief.

*Mr. Fletcher Maddox* and *Mr. I. W. Church,* for Appellant; *Mr. Maddox* argued the cause orally.

*Messrs. McKenzie & McKenzie* and *Messrs. Belden & De Kalb,* for Respondents; *Mr. John McKenzie* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

Upon a former appeal this cause was remanded to the [1] district court with directions to correct its ruling in striking the lien from the record, and to make findings. (56 Mont. 321, 184 Pac. 838.) No new statement of the case is necessary. Upon the record as it stood upon the filing of the *remittitur* in the court below, the cause was submitted for decision. In response thereto it made findings of substantially the following facts: That on August 10, 1914, defendant Welch handed to plaintiff's agent a list or estimate of lumber and other materials deemed necessary for the construction of a building to be used as a general store; that $1,600 was agreed upon as the price to be paid therefor, and cash, or payment within thirty days from the delivery of the last item thereof, as the terms, and, further, that extra materials or-dered and delivered for the work should be "at the same rate, and subject to like discount or proportionate reduction"; that the materials comprehended in the estimate constitute "a separate and independent contract" the last item of which was delivered November 3, 1914, and went into the building; that on November 6 an account was stated between them; that "while said materials were being delivered" monthly statements of account were handed to Welch, and that all the materials furnished after November 6 were delivered under separate and distinct implied contracts, none of which was

paid for; that the lien was filed March 22, more than ninety days after the last item in the open account went into the building. The court also found that, pursuant to stipulation of the parties, Welch was indebted to plaintiff in the sum of $2192.38, the value of the materials sold and delivered between August 26, 1914, and January 16, 1915. As a conclusion of law, it denied the plaintiff a lien, but rendered judgment against the defendant Welch in the sum named.

The finding that the agreement upon the original estimate constituted "a separate and independent contract" embracing more than one account was erroneous, because it gave no effect to the contemporaneous agreement that such additional material as might be needed for the completion of the building were to be furnished at the same rate and upon the same terms. That understanding comprehended but one indivisible contract, one account, and the foundation for but one lien. The difficulty in anticipating the precise quantity of material required for a job of that character is clearly indicated by the disparity between the original estimate and the materials finally found to be needed to complete the work. Indeed, the entire indebtedness resulted from a contract to furnish articles for a single building, to be delivered from time to time as the work progressed and until the job was finished. The uncertain element entering into a transaction of this nature make it a case similar to one arising upon a contract where no definite time is fixed for the completion of the work, and where the account is to run until the last item required is furnished.

As is very well understood, a builder or owner of property is rarely able to anticipate the exact amount of material he may require for the erection of a building. Unless, therefore, there is room for a different conclusion, when it is found necessary, as the work advances, to order more materials, the items should all be deemed to have been ordered upon an account current, and the aggregate, when they have all been furnished, constitute the lien. (*Helena S. H. & S. Co.* v. *Wells,*

16 Mont. 65, 40 Pac. 78; *Frankoviz* v. *Smith,* 34 Minn. 403, 26 N. W. 225; *Taylor* v. *Dall Zinc & Lead Co.,* 131 Wis. 348, 111 N. W. 490; *David* v. *Doughty,* 96 Kan. 556, 152 Pac. 660; *Ballou* v. *Black,* 17 Neb. 389, 23 N. W. 3.)

A substantial, rather than a technical, view should be taken [2,3] of the question whether the lien claim is founded upon one or more divisible contracts, or involves one or more accounts. (*American Bridge Co.* v. *Honstain,* 120 Minn. 329, 139 N. W. 619.) The lien statute is remedial in its nature, and to effectuate the purpose of its enactment, after the lien has once attached, it should be given a liberal construction. (*Crane & Ordway Co.* v. *Baatz,* 53 Mont. 438, 164 Pac. 533.)

The work was one continuous job, although materials were furnished at different times after the original estimate had been satisfied, and, although they may have been furnished under separate orders, each order was a related contract for some part of the work and formed the basis for but one lien. A lien filed within ninety days preserves a lien for all the items, and all of them together furnished but one account. (*Taylor* v. *Dall Zinc & Lead Co., supra; Northwestern Lumber Co.* v. *Parker,* 125 Minn. 107, 145 N. W. 964.) In the latter case the court said: "This work was done under several little contracts, each for some small part of the work. One lien statement was filed covering all the contracts. The whole work was part of one general improvement, or one job, and was practically continuous in point of time."

In finding No. 13 the court found that none of the items under date of December 26, 28, and 29, 1914, and January 4 and 16, 1915, were used in the construction of the building, and none "were sold and delivered on said dates." For this finding there is no support in the evidence. After a careful reading of all of the evidence, we are satisfied that it was clear and convincing enough to sustain the opposite conclusion, and the court should have so found.

In view of the unbroken continuity of the deliveries and the statements of the witnesses that all the materials for which the court gave judgment against Welch actually went into the building and became a component part of the permanent structure, it is clear that the controlling findings are at variance with the evidence and the inferences properly to be deduced therefrom. There is no circumstance discrediting the claim that the material was delivered and used in the building, and nothing to overcome the *prima facie* case of the plaintiff in that respect. The plaintiff is therefore entitled to a lien in the amount for which judgment was entered against Welch, less $183.03, the value of the nonlienable items.

In conclusion, we recommend a careful reading of the case of *Taylor* v. *Dall Zinc & Lead Co., supra.* A comparison of its facts with those in the present case will convince the most skeptical of the justness and the soundness of the conclusion reached above. In almost every particular the facts are similar to those found in the record before us. The only distinguishing feature we are able to discern is that in the Wisconsin case the parties had no contemporaneous understanding that any additional items needed after the filing of the original estimate should be supplied at the same price and upon the same terms. After an able review of the cases upon the subject, the learned justice closes the unanimous opinion of the court in these words: "After careful examination and consideration of all this evidence, we are forced to the conclusion that, practically without dispute, it establishes both an understanding, tacit perhaps, that plaintiffs were to be called on and would respond to furnish such other lumber as might, in accordance with usual experience, have been omitted from the specifications upon which they originally bid, and that both parties fully understood that all the subsequent deliveries were in pursuance of such original understanding. It is too plain for controversy that they were all so closely connected in time, and so in response to the continuous and uninterrupted construction of the building, that no doubt it cast upon the

entire good faith of both parties so as to bring the situation within the condemnation of some of the cases above cited. We have no doubt that the ordinary dealer in building materials would consider, under similar circumstances, that he had not completed the furnishing of materials for the construction of this mill so long as the principal contractor was continuing with the construction and needing and ordering materials in so doing. Any rule of law which would declare a severance and render necessary repeated notices, and perhaps repeated suits, as each such delivery was made, would do violence to the common understanding of people engaged in such transactions, would accomplish no good purpose in the way of protecting reasonably diligent owners, and would only serve as a trap to defeat materialmen and laborers who have merely postponed efforts of enforced collection to the final completion of their undertakings in good faith expectation that payment would then be provided. Such is not the policy of our lien statutes, whose spirit, we are well convinced, will be best effected by holding that the transactions here disclosed constituted but a single furnishing of materials for this single enterprise of constructing this building. So holding, of course, the conclusion is irresistible that plaintiffs are entitled to judgment establishing their lien as claimed.''

· The judgment against defendant W. D. Welch is affirmed. The judgment in favor of defendants F. A. Flanagan, John McKenzie, F. J. Gies and O. W. Belden is reversed, with directions to enter judgment in favor of plaintiff foreclosing the lien.

Associate Justices Holloway and Galen and Honorable Roy E. Ayers, District Judge, sitting in place of Mr. Justice Reynolds, disqualified, concur.

Rehearing denied June 28, 1922.