HOPE'S ARCHITECTURAL
PRODUCTS, INC.,
Plaintiff,

v.

LUNDY'S CONSTRUCTION, INC., and
Bank IV Olathe, N.A., Defendants.

Civ. A. No. 89–2137–V.

United States District Court,
D. Kansas.

April 1, 1991.

Charles E. Fowler, III, Shawn E. De-Graff, McDowell, Rice & Smith Chartered, Overland Park, Kan., for plaintiff.

Peter V. Ruddick, Speer, Austin, Hollida & Ruddick, Olathe, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Hope's Architectural Products, Inc., brought this action to recover damages for an alleged default of defendant Lundy's Construction, Inc., (Lundy's) under a contract to provide construction materials, and to recover against the statutory bond secured through defendant Bank IV Olathe, N.A. (Bank IV). Defendant Bank IV now moves the court (Doc. 21) for summary judgment pursuant to Fed.R.Civ.P. 56(b) on plaintiff's claim against the bond. Plaintiff has responded (Doc. 31) and opposes defendant Bank IV's motion. For the reasons stated below, the motion is granted in part and denied in part.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

For the purposes of this motion the following facts have been established as uncontroverted. Plaintiff is a New York corporation that manufactures windows. Defendant Lundy's is a Kansas corporation engaged in the construction business. Defendant Bank IV is a national banking association having its principal place of business in Kansas.

On June 13, 1988, defendant Lundy's and Shawnee Mission School District #512 (School District) entered into a contract for the construction of an addition to the Rushton Elementary School. On July 6, 1988, defendant Bank IV issued a letter of credit denominated Irrevocable Letter of Credit No. 357 (Letter of Credit) in favor of the School District for the account of defendant Lundy's. By the terms of the Letter of Credit, the School District was required to submit appropriate and timely notices of claims against defendant Lundy's to defendant Bank IV in order to draw upon the Letter of Credit.

As required by law, defendant Lundy's put up a public works bond in connection with the project. K.S.A. 60–1111. The purpose of the bond was to ensure the payment of any outstanding indebtedness incurred by defendant Lundy's in the construction of the project. Defendant Lundy's statutory bond, executed July 27, 1987, was secured through defendant Bank IV. Purportedly, the bond incorporated by reference, and was limited in its terms by, the Letter of Credit.

On June 29, 1988, defendant Lundy's entered into a contract with plaintiff whereby plaintiff would custom manufacture ninety-three windows for the Rushton Elementary improvement project. The agreed upon price was $55,000. Plaintiff expected to complete fabrication of the windows during the week of October 24, 1988. The completed windows were shipped from plaintiff's factory in New York to Kansas on October 28, 1988.

On or about November 1, 1988, defendant Lundy's informed plaintiff that it was going to backcharge plaintiff $11,000 for late delivery of the windows. Pursuant to a provision of the contract, plaintiff transmitted a letter to defendant Lundy's advising defendant Lundy's that it would not deliver the windows until it was assured in writing that there would be no backcharge on account of any alleged late delivery of the windows. Defendant Lundy's did not respond to plaintiff's request. Plaintiff declined to deliver the windows to the Rushton Elementary site.

On November 7, 1988, defendant Lundy's, through its attorney, notified plaintiff that it was declaring plaintiff in default and was obtaining an alternate supplier of windows. On November 15, 1988, plaintiff, without ever delivering the windows to the improvement site, returned the windows to New York. Defendant Lundy's thereafter obtained replacement windows. By December 20, 1988, defendant Lundy's substantially completed the improvement project. On February 13, 1989, the Letter of Credit expired by its own terms. Two days later, plaintiff submitted its claim for the value of the windows to the School District. On March 29, 1989, plaintiff filed the present lawsuit.

In its motion for summary judgment, defendant Bank IV contends that it is entitled to judgment as a matter of law on two grounds. First, defendant Bank IV contends that plaintiff's claim against the bond was untimely. Defendant Bank IV argues that the Letter of Credit expressly limited the terms of the bond and that plaintiff's claim was not submitted until after the Letter of Credit, and thus the bond, had expired. Second, Defendant Bank IV claims that plaintiff cannot assert a claim against the bond for the windows because they were not actually "used or consumed" in the improvement project.

In opposition to defendant Bank IV's motion, plaintiff states, first, that the Letter of Credit could not, as a matter of law, limit terms of the bond that were statutorily mandated. *See* K.S.A. 60–1111. It contends that because its claim was timely under the statute that its claim against the bond was timely. Next, plaintiff contends that it may reach the bond for the windows because the windows were custom built and thus "constructively" used or consumed in the improvement project. Finally, plaintiff claims that it may also reach the bond because it furnished labor to the improvement site. We will deal with the issues as raised by the parties.

*The Timeliness of Plaintiff's Claim*

K.S.A. 60–1111(b) states that "[a]ny person to whom there is due any sum for labor or material furnished ... may bring an action on such bond for the recovery of such indebtedness *but no action shall be brought on such bond after six months from the completion of said public improvements or public building.*" *Id.* (emphasis supplied). In Kansas, when a statute requires a bond to be given, the statutory terms and conditions must be read into the bond and conditions not required by statute will be stricken from the bond as surplusage. *Arrowhead Constr. Co. v. Essex Corp.*, 233 Kan. 241, 246, 662 P.2d 1195 (1983). *Wichita Sheet Metal Supply, Inc. v. Dahlstrom & Ferrell Construction Co.*, 246 Kan. 557, 560, 792 P.2d

1043 (1990). Because K.S.A. 60–1111(b) expressly provides for a period of limitations on claims against bonds, the conflicting limitations placed upon the bond by the Letter of Credit must be stricken from the bond as surplusage. Plaintiff submitted its claim and brought this action within six months of the completion of the improvement project. Therefore, because plaintiff's claim was timely under the statute, we reject defendant Bank IV's first contention in support of its motion for summary judgment.

## The Claim for the Windows

■ K.S.A. 60–1111(a) provides that a party contracting with the state for the purpose of making public improvements shall provide a bond to ensure that the contractor pays "all indebtedness incurred for labor furnished, materials, equipment or supplies used or consumed . . ." in connection with the improvement. The general purpose of K.S.A. 60–1111 is to protect public work projects from the attachment of mechanics' liens. *Leidigh & Havens Lumber Co. v. Bollinger*, 193 Kan. 600, 602, 396 P.2d 320 (1964).

■ In Kansas the filing of a public works bond bars attachment of any lien and discharges all existing liens on the property which is the subject of the public works contract. *J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 508, 758 P.2d 738 (1988). Thus, it has been said that "contractors' bonds furnished on public works projects are substitutes for mechanics' liens." *Cedar Vale Co-op Exchange, Inc. v. Allen Utilities, Inc.*, 10 Kan.App.2d 129, Syl. ¶ 1, 694 P.2d 903, *rev. denied*, 237 Kan. 886 (1985). When a bond has been filed, a claimant is not required to file a mechanics' lien statement in order to preserve its rights, but may instead look to the bond for recovery. *J.W. Thompson Co.*, 243 Kan. at 508–09, 758 P.2d 738; *Cedar Vale*, 10 Kan.App.2d at 132, 694 P.2d 903.

■ Because contractors' public work bonds provide the same protection to suppliers of labor and materials as mechanics' liens, it is appropriate to analogize rules applicable to mechanics' liens to public work bonds. *J.W. Thompson*, 243 Kan. at 509, 758 P.2d 738. Under Kansas mechanics' lien law it is imperative to prove that at least some of the materials purchased were used in the construction of the improvement. *Seyb–Tucker Lumber and Implement Co. v. Hartley*, 197 Kan. 58, 64, 415 P.2d 217 (1966). This rule has been applied to actions on contractors' public work bonds. *See Cedar Vale*, 10 Kan.App.2d at 133, 694 P.2d 903.

In the case at bar plaintiff does not claim that any of its windows were actually used or consumed in the Rushton Elementary addition. Plaintiff asserts that because the windows were custom built, and fit only for the purposes of the Rushton Elementary addition, that the windows were constructively used or consumed in connection with the project. *See Grainger and Company v. Johnson*, 286 F. 833 (6th Cir.1923). However, Kansas law does not support plaintiff's assertion. Nor do we think that the Kansas Supreme Court would adopt it. For that reason, defendant Bank IV is entitled to summary judgment on plaintiff's claim against the bond insofar as it pertains to any claim for the costs of the windows.

## The Claim for Furnished Labor

■ As noted above, K.S.A. 60–1111(a) provides that a party contracting with the state for the purpose of making public improvements shall provide a bond to ensure that the contractor pays "all indebtedness incurred for *labor furnished*, materials, equipment or supplies used or consumed . . ." in connection with the improvement. *Id.* (emphasis supplied). K.S.A. 60–1111(b) provides that "[a]ny person to whom there is due any sum for *labor . . . furnished . . .* may bring an action against the bond. . . ." *Id.* (emphasis supplied).

In its opposition to defendant's motion, plaintiff argues that it is entitled to recover against the bond because it furnished labor to the improvement project in preparation for delivery and installation of the windows. Defendant contends that plaintiff did not supply labor to the site. Both

parties have properly supported their assertions of fact with references to excerpts of deposition testimony which have been supplied to the court. We conclude that a question of fact remains to be resolved at trial. At trial, if plaintiff can establish that it supplied labor in connection with the public improvement project, it may recover those costs against the bond. *See DaMac Drilling, Inc. v. Shoemake*, 11 Kan.App.2d 38, 713 P.2d 480 (1986) (mental, as well as menial, labor may constitute lienable labor).

■■■■ A question remains, however, concerning whether plaintiff may recover all of its claimed losses, *i.e.* for labor *and* windows, if it establishes that it furnished lienable labor to the improvement site. We conclude that it may not. Under K.S.A. 60–1111 only the value of goods and services *actually expended* in connection with the public improvement are recoverable against the bond. *Blinne Contracting Co. v. Bobby Goins Enterprises, Inc.*, 715 F.Supp. 1044, 1046 (D.Kan.1989). Therefore, additional claims other than that for labor furnished cannot be recovered against the bond in this case. Additional claims must be asserted through some other vehicle.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Bank IV's motion for summary judgment (Doc. 21) is granted in part and denied in part. As against the bond, plaintiff may recover only the costs of labor that it furnished to the improvement project.

IT IS SO ORDERED.