John L. Vratil, Legal Counsel Unified School District No. 229 1050/40 Corporate Woods 9401 Indian Creek Parkway Overland Park, Kansas 66210-2007
Dear Mr. Vratil:
As legal counsel for unified school district no. 229 (USD 229), you request our opinion regarding the authority of a unified school district to enter into a contract containing one or more of the following provisions:
 1. a provision requiring the school district to release the other contracting party from any and all claims, liability, damages, or other obligations arising out of certain construction;
 2. a provision requiring the school district to hold harmless and indemnify the other contracting party from and against all costs, expenses, claims, and damages asserted by any person as the result of certain construction; and
 3. a provision requiring the school district to provide an irrevocable letter of credit in the amount of $10,000 as security for the school district's obligations under the contract.
A school district is an arm of the state holding only such power and authority as is granted by the legislature. Its power to contract is only such as is conferred under state statute either expressly or by necessary implication. NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, syl. ¶ 2 (1983). Any attempt by a school district to enter into a contract or formulate a policy that violates or exceeds state law isultra vires and void. Burk v. Unified School District No. 329, WabaunseeCounty, 646 F. Supp. 1557, 1564 (D.Kan. 1986); Gragg v. U.S.D. No. 287,6 Kan. App. 2d 152, 155 (1981).
A general grant of authority to execute contracts is conferred upon unified school districts through K.S.A. 72-8201. "Each unified district . . . may sue and be sued, execute contracts and hold such real and personal property as it may require (acquire) [and] shall possess the usual powers of a corporation for public purposes." K.S.A. 72-8201
(emphasis added). This general grant of statutory power to school districts, however, is subject to limitations contained in other applicable statutes. See NEA-Wichita, 234 Kan. at 517-18. See alsoU.S.D. No. 207 v. Northland National Bank, 20 Kan. App. 2d 321 (1994).
In response to decisions of the Kansas Supreme Court set forth inCarroll v. Kittle, 203 Kan. 841 (1969) and Gorrell v. City of Parsons,223 Kan. 645 (1978), the legislature enacted the Kansas tort claims act (KTCA), K.S.A. 75-6101 et seq. L. 1979, ch. 186, §§ 1-15. The KTCA is an open-ended act making governmental liability the rule and immunity the exception. Kansas State Bank Trust Co. v. Specialized TransportationServices, Inc., 249 Kan. 348, 364 (1991). Although liability is the rule, it is not a rule without limitations. Exceptions from liability enumerated in K.S.A. 1995 Supp. 75-6104 indicate the legislature has not entirely rejected the concept of immunity. Carpenter v. Johnson,231 Kan. 783, 784 (1982).
 "Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." K.S.A. 75-6103 (emphasis added).
The legislature, exercising its authority in controlling governmental immunity, Carroll, 203 Kan. at 847-48, has established in the KTCA the bounds of governmental liability. Before a governmental entity can be liable for damages, there must be (1) a negligent or wrongful act or omission by one of its employees; and (2) the employee (a) must be acting within the scope of his or her employment, and (b) under circumstances where the government or entity, if a private person, would be liable under the laws of this state. Beck v. Kansas Adult Authority, 241 Kan. 13,22 (1987). Absent express statutory authority elsewhere, a school district may not position itself so as to incur greater liability. See
K.S.A. 72-8416 (authorizes purchase of insurance contracts to insure against loss resulting from sickness or bodily injury or death by accident on the part of students injured on school premises or during school-sponsored activities); 75-6111 (authorizes purchase of insurance by governmental agencies and sets limitation of liability at the level of insurance if level of insurance exceeds statutory limitation of liability). The KTCA operates as a limitation on the general authority to contract which has been extended to unified school districts. Given this limitation, a unified school district may not enter into a contract the provisions of which require the unified school district to incur liability greater than that established under the KTCA.
The Kansas prompt payment act (KPPA), K.S.A. 75-6401 et seq., obligates each school district to pay the amount due for goods and services purchased by the school district within 30 calendar days after the date of receipt of the goods and services or the date of receipt of the bill therefor, whichever is later, unless other provisions for payment are agreed to in writing by the vendor and the school district. K.S.A.75-6403; see K.S.A. 75-6402.
 "(c)(1) Any vendor to which payment has not been made within the time prescribed by subsection (b) may make a written request for payment to the chief executive officer of the government agency obligated to make the payment with interest thereon. Such request shall indicate the government agency obligated to make the payment, the date of receipt of the goods or services by the government agency, the date the vendor sent the government agency the bill for such goods or services and, in the case of a state agency, such other information as may be prescribed by rules and regulations adopted under K.S.A. 75-6407.
. . . .
 "(3) The chief executive officer of the unified school district shall forward a copy of each vendor's request for payment to the governing body thereof, if any, along with the documents prepared to make payment to the vendor, including payment of the interest penalty prescribed by this subsection. Interest penalties on amounts due to a vendor by a unified school district shall be paid to the vendor beginning on the day after the required payment date under subsection (b) and ending on the date on which payment of the amount due is made, except that no interest penalty shall be paid if full payment of the amount due for such goods or services is made on or before the 15th calendar day after the required payment date under subsection (b).
. . . .
 (e) No interest penalty shall be payable if a vendor fails to request payment in accordance with subsection (c) within four months after the payment date prescribed by subsection (b)." K.S.A. 75-6403.
The KPPA establishes the schedule for payment by a unified school district for its purchases of goods and services, provided the vendor and the unified school district have not otherwise established a mutually agreeable schedule. The act further establishes the rate of interest penalty owed by a school district failing to comply with the payment schedule established under the act and obligates the vendor to take certain action within a prescribed period of time in order to receive the interest penalty.
K.S.A. 60-1111 provides:
 "[W]henever any public official, under the laws of the state, enters into [a] contract in any sum exceeding $10,000 with any person or persons for the purpose of making any public improvements, or constructing any public buildings or making repairs on the same, such officer shall take, from the party contracted with, a bond to the state of Kansas with good and sufficient sureties in a sum not less than the sum total in the contract, conditioned that such contractor or the subcontractor of such contractor shall pay all indebtedness incurred for labor furnished, materials, equipment or supplies, used or consumed in connection with or in or about construction of such public building or in making such public improvement."
The general purpose of K.S.A. 60-1111 is to protect public work projects from the attachment of mechanics' liens. Hope's Architectural Productsv. Lundy's Construction, 762 F. Supp. 1430, 1433 (D.Kan. 1991). The bond required by K.S.A. 60-1111 is mandatory, and there is no authority for a waiver of that requirement by any governing body or any public official. Attorney General Opinion No. 78-75; see Attorney General Opinion No. 82-268.
The KPPA and the provisions of K.S.A. 60-1111, like the KTCA, operate as a limitation on the authority of a unified school district to contract. A unified school district may not enter into an agreement which requires the unified school district to secure payment of its obligations in any manner other than those set forth in state statute. Therefore, a unified school district may not enter into a contractual provision which would require the unified school district to provide an irrevocable letter of credit in the amount of $10,000 as security for the school district's obligations under the contract.
In review, a unified school district has only such power and authority as is granted by the legislature and its power to contract is only such as is conferred under state statute either expressly or by necessary implication. While a general grant of authority to execute contracts is conferred upon unified school districts through K.S.A. 72-8201, such statutory authority is subject to limitations contained in other applicable statutes. Because of limitations contained in the KTCA, the KPPA, and K.S.A. 60-1111, a unified school district does not possess the authority to enter into the contractual provisions set forth above.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm