Wilson E. Speer, General Counsel Water District No. 1 of Johnson County 201 North Cherry Street P.O. Box 1000 Olathe, Kansas 66051-1000
Dear Mr. Speer:
As attorney for the water district, you request our opinion concerning whether the public works bond required by K.S.A. 60-1111 is a separate and distinct obligation from the performance bond required by K.S.A.19-3516 and 19-214. Evidently, the district has experienced surety companies that issue the public works bond as well as the performance bond for a water district project and then issue only one power-of-attorney. You are concerned that if claims are made on both bonds a surety company may argue that its liability is limited to only one amount because the bonds constitute a single obligation.
K.S.A. 19-3516(d) requires that contracts for repairs or improvements to a water supply and distribution system which exceeds $25,000 be awarded to the lowest responsible bidder pursuant to K.S.A. 19-214. K.S.A. 19-214 provides, in relevant part, as follows:
 "The person, firm or corporation to whom the contract may be awarded shall give and file with the board of county commissioners a good and sufficient surety bond by a surety company authorized to do business in the state of Kansas . . . in the amount of the contract, and conditioned for the faithful performance of the contract." (Emphasis added).
In addition to this performance bond, K.S.A. 60-1111 requires that a public official who contracts with a person to make public improvements that exceed $10,000 obtain "a bond to the state of Kansas with good and sufficient sureties in a sum not less than the sum total in the contract, conditioned that such contractor or the subcontractor . . . shall pay all indebtedness incurred for labor furnished, materials, equipment or supplies, used or consumed in connection with or about the construction of such public building or in making such public improvements."
Since 1868, the state has required successful bidders of certain county construction projects to supply a surety bond in the amount of the contract that is conditioned upon the "faithful performance of the contract." [G.S. 1868, chapter 25, predecessor statute to K.S.A. 19-214.] Nineteen years later in 1887, the state required that any public official who contracts for public improvements be given a surety bond in favor of the state conditioned upon payment of indebtedness incurred for labor and materials furnished in connection with the improvement. [L. 1887, ch. 179 — predecessor statute to K.S.A. 60-1111.] Since 1951, the state has required that all water district boards comply with the surety bond requirement of K.S.A. 19-214 when they contract for certain improvements to the water supply and distribution system.
The purpose of K.S.A. 60-1111 is to protect the contributions of those assisting in the construction of public improvements and public works.Cedar Vale Coop Exchange, Inc. v. Allen Utilities, 10 Kan. App. 2d 129
(1985). The contractor bonds on public works projects filed pursuant to K.S.A. 60-1111 are substitutes for mechanic's liens and are for the use of all persons in whose favor mechanic liens might accrue. Wichita SheetMetal Supply, Inc. v. Dahlstrom and Ferrell Construction Co., 246 Kan. 557
(1990). The purpose of K.S.A. 19-214, in relation to the water district, is to protect the latter from a contractor who fails to comply with the construction or improvement contract. The beneficiary of this performance bond is the water district whereas in the case of a public works bond the beneficiaries are the individuals who furnish materials, equipment or supplies that are used in the project. Consequently, we conclude that these bonds are separate and distinct obligations because they serve different purposes and beneficiaries.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm